[Cite as *State v. Amos*, 2026-Ohio-2510.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

        Appellee

v.

Ashley Amos

        Appellant

Court of Appeals No. OT-25-027
OT-25-028

Trial Court No. 2023 CR 269
2023 CR 278

**DECISION AND JUDGMENT**

Decided:  June 30, 2026

* * * * *

James Vaneerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Chief Assistant Prosecutor, for appellee.

Brian A. Smith, for appellant.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1} This consolidated appeal is before the court, challenging the judgment of the

Ottawa County Court of Common Pleas, sentencing appellant, Ashley Amos, to an

aggregate prison term of 28 months, following admission to a community control

violation. Finding no error, we affirm.

## II. Background and Procedural History

{¶ 2} This is an appeal of the sentence imposed in two criminal cases. Following incidents at an ex-boyfriend's home, Amos was arrested on September 10, 2023, and then again on October 7, 2023. On each occasion, Amos had methamphetamine in her possession at the time of her arrest.

{¶ 3} On October 19, 2023, Amos appeared for arraignment in case Nos. 23 CR 269 and 23 CR 278. After plea negotiations, Amos entered a plea in both cases. In case No. 23 CR 269, Amos entered a guilty plea and was found guilty of one count of aggravated possession of drugs/methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree. In case No. 23 CR 278, Amos entered a guilty plea and was found guilty of one count of trespass in a habitation in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree; one count of domestic violence in violation of R.C. 2919.25(A) and (D)(2), a misdemeanor of the first degree; and one count of aggravated possession of drugs/methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree.

{¶ 4} The trial court scheduled the matter for sentencing and released Amos on bond pending sentencing. The trial court ordered conditions as part of bond, including no contact with the victim and a GPS monitor. Upon her release on bond, Amos went to the victim's home, as demonstrated by the GPS monitor and as indicated by a neighbor of the victim, who called police. The State moved to revoke bond. Days later, police arrested Amos on new misdemeanor charges in Sandusky County, Ohio, a case unrelated to the present case.

2.

{¶ 5} On June 20, 2024, the trial court sentenced Amos in case Nos. 23 CR 269 and 23 CR 278, after several continuances. The trial court sentenced Amos to a three-year period of community control, with conditions that included treatment in a CBCF program, residing in recovery housing, and successfully completing the trial court's specialized docket program, if deemed appropriate. Amos appealed the sentence, challenging the residential sanctions imposed as excessive and unreasonable. We affirmed the sentence. *See State v. Amos,* OT-24-029, OT-24-030 (6th Dist.).

{¶ 6} While the appeal was pending, the State filed a complaint alleging community control violations, claiming that Amos left the CBCF and failed to complete the program. Amos was taken into custody for a community control violation hearing. At her initial hearing on August 22, 2024, Amos was appointed counsel and admitted to the community control violation. On November 25, 2024, the trial court continued Amos on community control.

{¶ 7} On March 28, 2025, the state filed a second complaint alleging community control violations, claiming Amos tested positive for marijuana and methamphetamine, and Amos violated a no-contact order. Amos appeared for an initial hearing by video from the detention facility. The trial court also noted the appearance of appointed counsel for Amos, with counsel indicating the trial court discharged counsel by judgment entry filed on November 26, 2024. The trial court conducted the following exchange with Amos:

THE COURT:  Ms Amos, you did receive a copy of this complaint?

MS. AMOS:  Yes.

3.

THE COURT: Okay. And would it be your intention to ask that the Court appoint Mr. Ellis to represent you again in this matter?

MS. AMOS: Yes.

THE COURT: Okay. So there are some questions that I'll need to ask you regarding your finances, just to ensure that you do still qualify for court-appointed Counsel.

The trial court then inquired into Amos' finances and asked if she had any funds that she could use to hire an attorney. Amos indicated she had no funds to hire an attorney and the trial court determined she qualified for court-appointed counsel. The trial court re-appointed Amos' prior attorney to represent her relative to the pending community control violation allegations.

{¶ 8} Amos' appointed counsel entered a denial to the allegations on Amos' behalf and asked for release on the previous bond conditions, or in the alternative, placement in a drug and alcohol program in lieu of being held in jail pending resolution of the community control violation complaint. The State noted the current complaint represented a second community control violation complaint, and requested Amos be held without bond. The trial court scheduled the matter for hearing on the merits of the community control violation complaint and ordered Amos held without bond pending further proceedings.

{¶ 9} On June 2, 2025, Amos appeared for hearing on the community control violations. The trial court informed Amos of her right to have a hearing or trial on the violations, and that the State needed to prove the allegations "by substantial evidence." The court further informed Amos she had a right to cross examine the State's witnesses and she had the right to subpoena her own witnesses, as well as a right to refuse to testify, with her

4.

silence not permitted to be used against her in the proceeding. With an understanding of her rights, Amos waived trial and admitted the violations. The trial court found Amos to be a probation violator and scheduled the matter for a sentencing hearing.

{¶ 10} On August 1, 2025, Amos appeared for the sentencing hearing with her court-appointed counsel. The State argued in favor of a prison sentence, noting this was Amos' second community control violation and Amos indicated that she would not participate in treatment programs. Despite this, Amos' court-appointed counsel argued in favor of treatment options, noting the underlying mental health issues that the State also acknowledged.

{¶ 11} The trial court considered the statutory factors, including the factors under R.C. 2929.13, and determined that Amos was no longer amenable to a community control sanction. The trial court imposed a prison term of 11 months in case No. 23-CR-269 for one count of aggravated possession of drugs/methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree. The trial court then imposed sentence in case No. 23-CR-278, imposing a prison term of 17 months for trespass in a habitation in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree; a jail term of 180 days for domestic violence in violation of R.C. 2919.25(A) and (D)(2), a misdemeanor of the first degree; and a prison term of six months for aggravated possession of drugs/methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree. The trial court ordered the sentences in case No. 23-CR-278 to run concurrently to each other and consecutively to the sentence imposed in case No. 23-CR-269, for an aggregate prison term of 28 months.

5.

{¶ 12} The trial court made the following findings, in support of consecutive sentences:

> The Court finds that consecutive sentences are necessary to protect the public from future crime, to punish the Offender, and that consecutive sentences are not disproportionate to the seriousness of the Offender's conduct and the danger the Offender poses to the public.
>
> The Court further finds that the Offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Offender.
>
> Pursuant to Ohio Revised Code Section 2929.15(E)(2), as used in this section, "technical violation" means a violation of conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which the following applies: the violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the Court that the offender has abandoned the objects of the community control sanction or condition.
>
> The Court finds that the violation is not a technical violation.
>
> The Court further finds that the Defendant's violation was a substantive rehabilitative requirement to address a significant factor contributing to the Defendant's criminal conduct.

The trial court addressed these findings for consecutive sentences on the record at the sentencing hearing and in the trial court's written judgment entry.

{¶ 13} Amos filed a timely appeal of the judgment.

### III.    Assignments of Error

{¶ 14} In her appeal, Amos asserts the following as error:

I.      Appellant's admission to the alleged community control violations was not knowingly, voluntarily, or intelligently made and the trial court erred in accepting Appellant's plea to the alleged community control violations, with regard to both case numbers 23 CR 269 and 23 CR 278, because the trial court failed to comply with Criminal Rule 32.3 and advise Appellant of her right to represented by

6.

retained counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

II. Appellant's admission to the alleged community control violations was not knowingly, voluntarily, or intelligently made and the trial court erred in accepting Appellant's plea to the alleged community control violations, with regard to both case numbers 23 CR 269 and 23 CR 278, because the trial court failed to comply with Criminal Rule 32.3(D) and Crim.R. 44(C) and obtain a written waiver from Appellant of the right to retained counsel, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

III. The trial court's imposition of consecutive sentences, ordering Appellant's sentences in case numbers 23 CR 269 and 23 CR 278 to be served consecutively to one another, was not supported by the record.

## IV. Analysis

{¶ 15} Amos' first and second assignments of error challenge the validity of Amos' admission to community control violations based on the trial court's failure to notify Amos of her right to retained counsel and failure to obtain a written waiver as to retained counsel. In support, Amos argues that lack of notice that specifically identified a right to retained counsel rendered the trial court's colloquy insufficient, resulting in an unknowing, unintelligible, and involuntary admission. Amos relies on Crim.R. 32.3(B) as authority for her right to notice regarding retained counsel, and Crim.R. 32.3(D) and Crim.R. 44(C) regarding the failure to obtain waiver of retained counsel. For ease of discussion, we address the first and second assignments of error together.

{¶ 16} In this case, the trial court revoked community control and imposed a prison sentence after Amos admitted the violations, while represented by court-appointed counsel.

7.

Amos argues her admission was not valid, based on Crim.R. 32.3(B) and (D), and based on Crim.R. 44(C). Pursuant to Crim.R. 32.3, Amos had a right to a hearing, a right to be informed of the grounds for the alleged violations, and a right to counsel. *State v. Martin,* 2002-Ohio-5202, ¶ 6 (6th Dist.), citing Crim.R. 32.3. Had Amos waived counsel, Crim.R. 44(C) governed the procedure for waiver of counsel.

{¶ 17} Amos construes the provisions of Crim.R. 32.3, and more specifically the provision for notifying Amos of her right to *retained* counsel, as requiring a colloquy by the trial court to ensure Amos admitted to the violations knowingly, intelligently, and voluntarily, as required by Crim.R. 11. We have previously found that Crim.R. 11 does not apply to community control revocation hearings. (Citation omitted) *Martin* at ¶ 7 ("a defendant at a community control revocation hearing need not be afforded the full panoply of rights given a defendant in a criminal proceeding[.]"). Therefore, there was no requirement for the trial court to address Amos' admission to community control violations by first determining that the admission was "knowing and voluntary as required under Crim.R. 11(C)." *Id.* at ¶ 6.

{¶ 18} As to retained counsel, Crim.R. 33.3 provides:

> (B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

{¶ 19} Amos does not dispute that she was provided court-appointed counsel and did not waive counsel. Amos also does not refute her statements on the record that demonstrated

8.

she could not afford to retain counsel. Even so, Amos argues that the trial court was required to inform her of "the right to be represented by *retained* counsel," and the failure to do so rendered her admission to the violation invalid. Amos argues that her right to retained counsel is guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 20} Contrary to Amos' position, the right to retained counsel is not an absolute right. As we previously noted in *Toledo v. Johnson,* 2014-Ohio-1553 (6th Dist.):

> In general, "[t]he right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense." *State v. Frazier*, [2012–Ohio–1198 (8th Dist.), ¶ 26], citing *State v. Keenan*, [2008–Ohio–807 (8th Dist.)]. This includes the right, when a defendant has the ability to retain his own attorney, to be represented by counsel of choice. *United States v. Gonzalez–Lopez*, 548 U.S. 140, 144 (2006). However, the right to retained counsel of choice "is not absolute, * * * and courts have 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.' "*Frazier* at ¶ 26, citing *Gonzalez–Lopez* at 152. …

*Johnson* at ¶ 11.

{¶ 21} We recognize that Crim.R. 32.3(B) contains the phrase "retained counsel." However, the Rule also references "revocation of probation." Historically, probation was "an act of grace allowing a convict to go free on conditions and as a contract for leniency between the offender and the sentencing judge." (Citations omitted) *State v. Heinz,* 2016-Ohio-2814, ¶ 11. In *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), the United States Supreme Court found no constitutional right to counsel at a probation revocation proceeding, because revocation "is not a stage of a criminal prosecution." *Heinz* at ¶ 12, quoting *Scarpelli* at 782. Thus, in considering a right to counsel at a probation revocation proceeding, the Ohio

9.

Supreme Court acknowledged a right to representation by counsel, but "no right in such proceedings to the appointment of counsel to represent him." *Thomas v. Maxwell*, 175 Ohio St. 233, 235 (1963). The inclusion of the phrase "retained counsel" aligns with earlier precedent, applicable to the prior statutory scheme governing probation revocation hearings in which a probationer might need to hire their own attorney.

{¶ 22} Ohio replaced probation with community control. "Effective July 1, 1996, the General Assembly enacted Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, to revise Ohio's felony sentencing statutes, and among other changes, 'community control replaced probation *as a possible sentence* under Ohio's felony sentencing law.'" (Emphasis in original). *Heinz,* at ¶ 14, quoting *State v. Talty*, 2004-Ohio-4888, ¶ 16. "Unlike probation, which is a period of time served during suspension of a sentence, community control sanctions are imposed as the punishment for an offense at a sentencing hearing." *Heinz* at ¶ 14, citing R.C. 2929.01(E); 2929.01(FF).

{¶ 23} Construing Crim.R. 32.3(B) according to historical application, a trial court must inform a probationer of their right to have an attorney, with a court-appointed attorney available in only limited instances. Historically, a probationer was informed of their right to retain their own counsel for a revocation hearing if the nature of the revocation hearing did not permit a court-appointed attorney. Under the present community control scheme, an indigent defendant has a right to court-appointed counsel, with no need to notify a defendant that they may need to hire an attorney, in certain instances, regardless of their ability to hire counsel.

10.

{¶ 24} Here, the trial court properly addressed Amos under the current community control law. The trial court determined that Amos was indigent and asked Amos if she wished to have her prior attorney reappointed to represent her at the community control violation hearing. Amos responded, "Yes," and the trial court appointed counsel. Nothing more was required to satisfy the provisions of Crim.R. 33.3. Additionally, with no waiver of counsel, there was no requirement to obtain a waiver under Crim.R. 44(C). Accordingly, we find Amos' first and second assignments of error not well-taken.

{¶ 25} In her third assignment of error, Amos challenges the imposition of consecutive sentences, arguing the trial court's findings were not supported by the record. Our review of felony sentences is governed by R.C. 2953.08(G)(2). (Citations omitted) *State v. McIntoush,* 2024-Ohio-2284, ¶ 14 (6th Dist.). Pursuant to R.C. 2953.08(G)(2), we may vacate or modify Amos' sentence only if we find by clear and convincing evidence that the record does not support the trial court's findings or the sentence is otherwise contrary to law. *State v. Glover,* 2024-Ohio-5195, ¶ 45.

{¶ 26} Amos acknowledges that the trial court made the required statutory findings under R.C. 2929.14(C)(4), which provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

11.

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)

{¶ 27} In challenging the sentence, Amos argues that the findings were not supported by the record by clear and convincing evidence, referencing her "relatively limited criminal history," that included only two, prior felony convictions and a prior history of misdemeanors that were "primarily related to substance abuse issues." Amos argued that her criminal history weighed in favor of treatment over consecutive prison sentences, and the record did not demonstrate a need to protect the public from future crimes committed by Amos.

{¶ 28} Considering the record, Amos fails to demonstrate that the trial court's findings in imposing consecutive sentences were not supported by clear and convincing evidence. "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

12.

{¶ 29} Here, the record demonstrated that the trial court was sentencing Amos on multiple felony counts in two cases involving the same victim, after Amos entered guilty pleas in each case and was unsuccessful on community control. Amos also acknowledged her misdemeanor criminal record, noting it was related to her substance abuse issues. As to treatment, however, the record demonstrated that Amos rejected treatment, and her failure to complete a program as part of the conditions of community control was noted by the trial court as abandonment by Amos of "the objects of the community control sanction or condition." Accordingly, we do not find that the record does not support the trial court's findings in imposing consecutive sentences. We find Amos' third assignment of error not well-taken.

## V.  Conclusion

{¶ 30} We affirm the judgment of the Ottawa County Court of Common Pleas. Amos is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(2).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

*State of Ohio v. Ashley Amos*
*Appeals Case No.: OT-25-027*

13.

Thomas J. Osowik, P.J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.